ROBERT G. CROW, ESQ. (60892)
BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation
555 12th Street, Suite 1800
P. O. Box 12925
Oakland, CA 94604-2925
Telephone: (510) 834-4350
Facsimile: (510) 839-1897
E-mail: rcrow@bjg.com

RICHARD E. WINNIE, ESQ. (68048)
BRIAN E. WASHINGTON, ESQ. (146807)
ANDREW J. MASSEY, ESQ. (240995)
Office of the County Counsel, County of Alameda
1221 Oak Street, Suite 450
Oakland, CA 94612-4296
Telephone: (510) 272-6700
Facsimile: (510) 272-5020
E-mail: brian.washington@acgov.org
E-mail: andrew.massey@acgov.org

Attorneys for Defendants
ALAMEDA COUNTY, ALAMEDA COUNTY
COMMUNITY DEVELOPMENT AGENCY,
ALAMEDA COUNTY BOARD OF SUPERVISORS,
EAST COUNTY BOARD OF ZONING ADJUSTMENTS,
MARGRET ELLIOTT, CHRIS BAZAR, STACEY SORENSEN,
DARRYL GRAY, JAMES SORENSEN, SCOTT OWEN,
SCOTT HAGGERTY AND JANA BEATTY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFONRIA

| | |
|---|---|
| STEVEN JAY POWELL,<br><br>    Plaintiff,<br><br>vs.<br><br>ALAMEDA COUNTY, ALAMEDA COUNTY COMMUNITY DEVELOPMENT AGENCY, ALAMEDA COUNTY BOARD OF SUPERVISORS, EAST COUNTY BOARD OF ZONING ADJUSTMENTS, DON LABELLE, MARGRET ELLIOTT, CHRIS BAZAR, STACEY SORENSEN, DARRYL GRAY, JAMES SORENSEN, SCOTT OWEN, SCOTT HAGGERTY, JANA BEATTY, AND DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No.: C07-03626 BZ<br><br>Assigned to the Hon. Bernard Zimmerman<br><br>DEFENDANTS ALAMEDA COUNTY, ALAMEDA COUNTY COMMUNITY DEVELOPMENT AGENCY, ALAMEDA COUNTY BOARD OF SUPERVISORS, EAST COUNTY BOARD OF ZONING ADJUSTMENTS, MARGRET ELLIOTT, CHRIS BAZAR, STACEY SORENSEN, DARRYL GRAY, JAMES SORENSEN, SCOTT OWEN, SCOTT HAGGERTY AND JANA BEATTY'S REQUEST FOR JUDICIAL NOTICE<br><br>Date:   December 5, 2007<br>Time:  10:00 a.m.<br>Courtroom: G 15th Floor |

TO PLAINTIFF STEVEN JAY POWELL AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 201 of the Federal Rules of Evidence, defendants ALAMEDA COUNTY, ALAMEDA COUNTY COMMUNITY DEVELOPMENT AGENCY, ALAMEDA COUNTY BOARD OF SUPERVISORS, EAST COUNTY BOARD OF ZONING ADJUSTMENTS, MARGRET ELLIOTT, CHRIS BAZAR, STACEY SORENSEN, DARRYL GRAY, JAMES SORENSEN, SCOTT OWEN, SCOTT HAGGERTY, AND JANA BEATTY (herein collectively "defendants") hereby respectfully request that this Court take judicial notice of the following judicial pleadings, which are matters of public record on file with the Alameda County Superior Court, State of California, of which the fact of the filing of these pleadings cannot be reasonably questioned:

1. Plaintiff Steven Jay Powell's Verified Petition for Writ of Administrative Mandamus and Damages filed in the Alameda County Superior Court on June 15, 2007, case no. VG07331079;

2. Order, Petition for Writ of Mandate dated September 20, 2007 setting forth a briefing schedule on the Petition for Writ of Mandate with a hearing scheduled for December 11, 2007 in Department 31, civil law and motion department, Alameda County Superior Court.

True and correct copies of these two documents are attached hereto.

DATED: October 24, 2007

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: _____
ROBERT G. CROW, ESQ.
Attorneys for Defendants ALAMEDA COUNTY, ALAMEDA COUNTY COMMUNITY DEVELOPMENT AGENCY, ALAMEDA COUNTY BOARD OF SUPERVISORS, EAST COUNTY BOARD OF ZONING ADJUSTMENTS, MARGRET ELLIOTT, CHRIS BAZAR, STACEY SORENSEN, DARRYL GRAY, JAMES SORENSEN, SCOTT OWEN, SCOTT HAGGERTY, AND JANA BEATTY

25110\416948

EXHIBIT "1"

Case 3:07-cv-03626-BZ    Document 9    Filed 10/24/2007    Page 3 of 13

```
Michael Paul Tuuri (SBN 236401)
In-House Legal Services
3177 Gray Fox Lane
Paso Robles, CA 93446
Telephone: (805) 238-7290
FAX: (805) 456-3339
E-mail: mptuuriesq@sbcglobal.net

Attorney for Petitioner
```

FILED
ALAMEDA COUNTY

JUN 15 2007

CLERK OF THE SUPERIOR COURT
By _____
                        Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

GALE-SCHENONE HALL OF JUSTICE, UNLIMITED CIVIL CASE

| | |
|---|---|
| STEVEN JAY POWELL,<br><br>      Petitioner,<br><br>vs.<br><br>COUNTY OF ALAMEDA, and ALAMEDA COUNTY BOARD OF SUPERVISORS,<br><br>      Respondents. | Case No.:<br><br>**VG07331079**<br><br>VERIFIED PETITION FOR WRIT OF ADMINISTRATIVE MANDAMUS (CCP § 1094.5) AND DAMAGES (CCP § 1095) |

Petitioner STEVEN JAY POWELL petitions this Court for a writ of mandate under Code of Civil Procedure §1094.5, directed to respondents COUNTY OF ALAMEDA and ALAMEDA COUNTY BOARD OF SUPERVISORS, and seeks damages incidental to the writ under Code of Civil Procedure § 1095, and by this verified petition alleges as follows:

   1. Petitioner, who was denied a Conditional Use Permit for the property held by the petitioner at 5143 Tesla Road, Livermore, California, the site of petitioner's business known as Tesla Vintners (hereinafter "TESLA"), by the EAST COUNTY BOARD OF ZONING ADJUSTERS

(hereinafter "ECBZA"), appealed the denial to the ALAMEDA COUNTY BOARD OF SUPERVISORS which conducted an appeals hearing as required by law and upheld the denial. As such, petitioner is beneficially interested in and aggrieved by the decision of the Respondent, as alleged below.

2. Respondent ALAMEDA COUNTY BOARD OF SUPERVISORS is authorized and required by Alameda County General Ordinance § 17.54.670 et seq. to conduct evidentiary hearings and to render final decisions in appeals brought by Applicants for Conditional Use Permits contesting the denial of said permits by ECBZA. Respondent ALAMEDA COUNTY BOARD OF SUPERVISORS conducted a hearing on the Petitioner's appeal and rendered a final decision upholding the ECBZA denial of Application C-8291 for a Conditional Use Permit.

3. Respondent's decision is invalid under CCP § 1094.5 for the following reasons:

(a) Respondent failed to grant petitioner a fair hearing, in that no cross-examination of Planning Department representatives was permitted or allowed for, when these representatives introduced new evidence at the hearing, evidence unknown to petitioner, because the Planning Department had failed to notify petitioner at any time of the nature of the new evidence, and it was required to so notify the petitioner.

(b) Respondent committed a prejudicial abuse of discretion, in that:

(1) Respondent failed to proceed in the manner required by law because it did not properly consider evidence that the Planning

Department consistently and willfully failed to notify petitioner and petitioner's attorney of decisions, findings, and positions with respect to petitioner, when it maliciously and without a rational basis imposed an onerous condition on petitioner's application that deprived him of the fundamental right to lawfully use his property according to earn a living for himself and his family and to benefit the community, and when it failed to properly consider that the Planning Department had failed to give constitutional notice to petitioner when it attempted to abate a building on his property, and on other occasions.

(2) Respondent also failed to properly consider evidence that the Planning Department relied on representations it knew or should have known were false, and used these misrepresentations to justify its negative recommendations.

(c) Respondent's decision is not supported by the findings, because it characterized the petitioner as "uncooperative" with the Planning Department, and when it failed to properly consider evidence that the Planning Department consistently and willfully failed to establish standards and communicate these standards to the petitioner and when this agency did not fairly and even-handedly make its findings according to the evidence.

(d) Respondent proceeded in excess of its jurisdiction and prejudicially abused its discretion by failing to proceed in the manner required by law in that respondent's action in denying petitioner's application for a Conditional Use Permit was taken solely because of petitioner's exercise of his constitutional rights,

VERIFIED PETITION FOR ADMINISTRATIVE MANDAMUS AND DAMAGES - 3

more particularly, as follows:

(1) Respondent and Planning Department consistently and willfully over a period of several years denied petitioner his right to be constitutionally notified of all requirements and conditions on his property for the granting of his application, in that said requirements and conditions were vague, inconsistent, unwritten, uncommunicated and otherwise designed to prevent petitioner from being able to meet said requirements and conditions.

(2) Respondent and Planning Department consistently and willfully over a period of several years denied petitioner his right to substantive due process in that respondent and Planning Department denied petitioner fundamental fairness when it failed to equally apply standards to him as opposed to others similarly placed.

(3) Respondent and Planning Department consistently and willfully denied petitioner his right to substantive due process in that respondent and Planning Department placed conditions on the granting of his application that were unnecessary and unfair, and had no rational basis and were therefore unconstitutional, these conditions being:

(i) The requirement that for each event produced by the petitioner, he apply for an Administrative Permit 30 days before the event, at a cost of $200 per event, places an onerous and unfair burden on petitioner that is not on others similarly placed, and represents a significant financial impact during the event season.

(ii) The requirement that petitioner take extraordinary measures to abate traffic problems that may arise

during events places an onerous and unfair burden on petitioner that is not on others similarly placed, and for which there is already local enforcement and no necessity for further "private" enforcement.

(iii) The requirement that petitioner obtain an Administrative Permit for each event because there is a potential for noise ordinance abuse represents a police action that is not justified by the evidence, but is only justified *prima facie* by the respondent's and Planning Department's false characterization of petitioner as "uncooperative".

(iv) For all of the above reasons and in each case, respondent and Planning Department have acted without a rational basis, and therefore their specified actions and recommendations in each case are unconstitutional as applied to the petitioner.

4. Respondent is a local agency. A fundamental vested right is involved in the following:

(a) Petitioner's entertainment as the Singing Winemaker on the patio of his business constitute a legitimate and integral part of his wine-tasting business, and as such does not constitute an "event" for the purposes of conditional use permits. Petitioner therefore has the lawful right to continue to conduct the entertainment during wine-tasting hours without a conditional use permit. The Planning Department's position is that this entertainment is subject to the granting of a conditional use permit, and sans the permit, will commence abatement proceedings to halt perceived violations.

(b) Petitioner, if treated fairly and even-handedly before the law and in the local context, would be granted a conditional use

permit. However, because respondent and Planning Department have systematically and willfully deprived the petitioner of his constitutional rights as alleged above, the permit has been denied.

Therefore, because the petitioner's rights should not be denied or abridged without the review of a judicial body, the scope of review is under the independent judgment test.

5. Petitioner has exhausted the available administrative remedies required to be pursued by him as follows:

Petitioner timely filed an appeal of the ECBZA denial of his application to the ALAMEDA COUNTY BOARD OF SUPERVISORS, and has appeared at all hearings on the issue. The decision to uphold the ECBZA denial of the application was orally rendered by the ALAMEDA COUNTY BOARD OF SUPERVISORS on April 8, 2007.

6. Petitioner does not have a plain, speedy, and adequate remedy in the ordinary course of law.

7. If respondent's decision is allowed to be executed, petitioner will be irreparably harmed in that a main selling point of his business, i.e. his status and name as The Singing Winemaker, will be eliminated and his business will suffer great financial loss. Furthermore, imposition of a stay is not against the public interest, because the petitioner has been conducting his business in his normal fashion, and has never been found in violation of any traffic or noise ordinances, and has benefited the public in many ways in the operation of his business.

8. As a result of respondent's action, petitioner has sustained damages in that he has been forced to spend excessive amounts of

1 | money to attempt to come into compliance with the Planning
2 | Department's shifting and elusive standards.
3 | WHEREFORE, petitioner prays that:
4 |     1. The Court stay any enforcement or abatement proceedings by the
5 | respondent or the Planning Department until a judgment is entered on
6 | this Petition; and
7 |     1. A peremptory writ of mandate issue, under Code of Civil
8 | Procedure § 1094.5, directed to respondents, and compelling
9 | respondent ALAMEDA COUNTY BOARD OF SUPERVISORS to set aside its
10 | decision dated April 8, 2007; and
11 |     2. Petitioner recover his costs in this action including attorney
12 | fees under CCP § 800; and
13 |     3. Petitioner recover his damages according to proof; and
14 |     4. Such other relief be granted that the Court considers proper.
15 | DATED: June 13, 2007

In-House Legal Services
By: _____
Michael Paul Tuuri,
Attorney for the Petitioner

VERIFICATION

I, STEVEN JAY POWELL, am the petitioner in the above-entitled action. I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters that are therein alleged on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: June 14, 2007

_____
Steven Jay Powell, Petitioner

EXHIBIT "2"

In House Legal Services
Attn: Tuuri, Michael Paul
3177 Gray Fox Lane
Paseo Robles, CA   93446

Office Of County Counsel
Attn: Washington, Brian E.
1221 Oak Street, Suite 450
Oakland, CA   94612

## Superior Court of California, County of Alameda
### Rene C. Davidson Alameda County Courthouse

| Powell | |
|---|---|
| Plaintiff/Petitioner(s) | No. VG07331079 |
| VS. | Order |
| County of Alameda | Petition for Writ of Mandate |
| Defendant/Respondent(s) (Abbreviated Title) | |

The Petition for Writ of Mandate filed for Steven Jay Powell was set for hearing on 09/20/2007 at 09:00:00 in Department 31 before the Honorable Frank Roesch. The Tentative Ruling required that the parties appear, and the matter came on regularly for hearing.

IT IS HEREBY ORDERED THAT:

Case continued to 09:00 AM on 12/11/2007 in Department 31, Civil Law and Motion, U.S. Post Office Building, 201 13th Street, Oakland.

Defense counsel shall lodge the Administrative Record with the Court by date of filing of opening brief. Opening brief to be filed and served by 10/22/07; opposition brief to be fled and served by 11/12/07; reply brief due by 11/26/07.

Dated: 09/20/2007

_facsimile_
/s/ Frank Roesch
Judge Frank Roesch

Superior Court of California, County of Alameda
Rene C. Davidson Alameda County Courthouse

Case Number: VG07331079
Order After Hearing Re: of 09/20/2007

## DECLARATION OF SERVICE BY MAIL

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addressed as shown on the foregoing document or on the attached, and that the mailing of the foregoing and execution of this certificate occurred at
1225 Fallon Street, Oakland, California.

Executed on 09/21/2007.

Executive Officer / Clerk of the Superior Court

By *Vicki Saybell* digital
_____
Deputy Clerk