1  ROBERT G. CROW, ESQ. (60892)
   BOORNAZIAN, JENSEN & GARTHE
2  A Professional Corporation
   555 12th Street, Suite 1800
3  P. O. Box 12925
   Oakland, CA  94604-2925
4  Telephone: (510) 834-4350
   Facsimile: (510) 839-1897
5  *E-mail:  rcrow@bjg.com*

6  RICHARD E. WINNIE, ESQ. (68048)
   BRIAN E. WASHINGTON, ESQ. (146807)
7  ANDREW J. MASSEY, ESQ. (240995)
   Office of the County Counsel, County of Alameda
8  1221 Oak Street, Suite 450
   Oakland, CA 94612-4296
9  Telephone:  (510) 272-6700
   Facsimile: (510) 272-5020
10 *E-mail:  brian.washington@acgov.org*
   E-mail:  *andrew.massey@acgov.org*
11
   Attorneys for Defendants
12 ALAMEDA COUNTY, ALAMEDA COUNTY
   COMMUNITY DEVELOPMENT AGENCY,
13 ALAMEDA COUNTY BOARD OF SUPERVISORS,
   EAST COUNTY BOARD OF ZONING ADJUSTMENTS,
14 MARGRET ELLIOTT, CHRIS BAZAR,
   STACEY SORENSEN, DARRYL GRAY,
15 JAMES SORENSEN, SCOTT OWEN,
   SCOTT HAGGERTY AND JANA BEATTY
16

17                    UNITED STATES DISTRICT COURT
18
                FOR THE NORTHERN DISTRICT OF CALIFONRIA
19

20 STEVEN JAY POWELL,                  )    Case No.:  C07-03626 BZ
                                       )
          Plaintiff,                   )    Assigned to the Hon. Bernard Zimmerman
21                                     )
   vs.                                 )    **DEFENDANTS' MEMORANDUM OF**
22                                     )    **POINTS AND AUTHORITIES IN**
   ALAMEDA COUNTY, ALAMEDA             )    **SUPPORT OF MOTION TO DISMISS**
23 COUNTY COMMUNITY DEVELOPMENT )          **FOR LACK OF SUBJECT MATTER**
   AGENCY, ALAMEDA COUNTY BOARD        )    **JURISDICTION (FRCP 12(B)(1)) AND**
24 OF SUPERVISORS, EAST COUNTY         )    **FAILURE TO STATE A CLAIM UPON**
   BOARD OF ZONING ADJUSTMENTS,        )    **WHICH RELIEF CAN BE GRANTED**
25 DON LABELLE, MARGRET ELLIOTT,       )    **(FRCP 12(B)(6))**
   CHRIS BAZAR, STACEY SORENSEN,       )    Date:   December 5, 2007
26 DARRYL GRAY, JAMES SORENSEN,        )    Time:   10:00 a.m.
   SCOTT OWEN, SCOTT HAGGERTY,         )    Courtroom:  G 15th Floor
27
                                   -1-
28 **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO**
   **DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(B)(1)) AND FAILURE TO**
   **STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) CASE NO. C07-03626 BZ**

1  JANA BEATTY, AND DOES 1 through 100, )
   inclusive,                          )
2                                      )
                Defendants.            )
3  _____)

4

5       Defendants ALAMEDA COUNTY, ALAMEDA COUNTY COMMUNITY

6  DEVELOPMENT AGENCY, ALAMEDA COUNTY BOARD OF SUPERVISORS, EAST

7  COUNTY BOARD OF ZONING ADJUSTMENTS, MARGRET ELLIOTT, CHRIS BAZAR,

8  STACEY SORENSEN, DARRYL GRAY, JAMES SORENSEN, SCOTT OWEN, SCOTT

9  HAGGERTY, AND JANA BEATTY (herein collectively "defendants") hereby submit the

10 following Memorandum of Points and Authorities in Support of their Motion to Dismiss the claims

11 for relief contained in the complaint, on file herein, as follows:

12      **I.      INTRODUCTION**

13      Plaintiff Steven Jay Powell asserts a single claim for relief in his complaint, which consists

14 of 15 numbered allegations based on alleged civil rights violations under 42 U.S.C. §§1983 and

15 1985 and conspiracy.  This claim arises from allegations relating to denial of his application for a

16 Conditional Use Permit for his business known as Tesla Vintners located at 5134 Tesla Road,

17 Livermore, California. (¶7)  Plaintiff has sued the County of Alameda, its Board of Supervisors, its

18 Community Development Agency, the East County Board of Zoning Adjustments, and numerous

19 County employees.

20      Plaintiff alleges that over the course of the last five years, defendants violated plaintiff's

21 constitutional rights to procedural due process and substantive due process during his process of

22 applying for a Conditional Use Permit for his business and that certain of his business activities

23 were characterized by defendants as being subject to a Conditional Use Permit.  (¶7)

24      Plaintiff further complains that defendants deliberately and arbitrarily withheld and

25 impeded permits and instituted abatement and other actions against plaintiff and his property

26 without probable cause and for the "sole purpose of preventing plaintiff from achieving

27 compliance with the Alameda County codes".  (¶9-10)

-2-

28 **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO
   DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(B)(1)) AND FAILURE TO
   STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) CASE NO. C07-03626 BZ**

1    Plaintiff also complains about the use of evidence at the appeals hearing before the

2 Alameda County Board of Supervisors for his permit application. (¶12) Plaintiff also alleges that

3 he received unequal treatment with respect others similarly placed who also applied for

4 Conditional Use Permits (¶13) and that defendants colluded and conspired among themselves to

5 deprive him of his rights. (¶14) Plaintiff asserts that defendants enjoined him "from conducting

6 his business to the full extent of the law." (¶7)

7    Plaintiff fails to mention that he has filed a Petition for Writ of Administrative Mandamus

8 in the Alameda County Superior Court against the County of Alameda and the Alameda County

9 Board of Supervisors for the same Conditional Use Permit application and to compel the Board of

10 Supervisors to set aside its denial of his appeal of the rejection of the Conditional Use Permit

11 application.

12    The abstention doctrine of *Younger v. Harris* (1971) 401 U.S. 37 requires that this Court

13 decline jurisdiction over the due process claims raised by Powell concerning his Conditional Use

14 Permit application.

15    Defendants have requested that this Court take Judicial Notice of the Verified Petition for

16 Writ of Administrative Mandamus (C.C.P. §1094.5) and Damages (C.C.P. §1095) pursuant to

17 Rule 201 of the Federal Rules of Evidence.

18    As shown in the attached Request for Judicial Notice, plaintiff filed the Verified Petition

19 for Writ of Administrative Mandamus in the Alameda County Superior Court on June 15, 2007.

20 This matter is still pending and a hearing on the petition is scheduled for December 11, 2007. (See

21 case management order attached as Exhibit 2 to the Request for Judicial Notice).

22    The Petition for Writ of Administrative Mandamus includes the same allegations raised in

23 the present suit. Powell alleges that the denial of his Conditional Use Permit application is invalid

24 as he failed to receive a fair hearing, that new evidence was introduced at the hearing, and no

25 cross-examination was permitted (¶3)(a) [contrast with ¶12 of the present complaint].

26    Powell also complains that the Planning Department failed to give him constitutional notice

27

-3-

28
**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(B)(1)) AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) CASE NO. C07-03626 BZ**

1    when it attempted to abate a building on his property.  (¶3)(b)(1).  [Contrast to ¶10 of the present

2    complaint].

3         Plaintiff further complains that he received unequal treatment as standards were applied to

4    him differently than others similarly placed.   (¶3)(d)(2).  [Contrast with ¶13 of the present

5    complaint].

6         Plaintiff also complains in his state court case that he is entitled to conduct his Singing

7    Winemaker entertainment without a Conditional Use Permit while the Planning Department's

8    position is otherwise. (¶4)(a).   [Contrast with ¶7 of the present complaint: "characterizing certain

9    of plaintiff's business activities as subject to a Conditional Use Permit where no such permit is

10   required by law,…"].

11        This comparison of the Petition of the Writ for Administrative Mandamus filed in state

12   court reveals that it is based on the same allegations set forth in the present complaint.  As a result,

13   this Court must decline jurisdiction for the claim based on plaintiff's Conditional Use Permit

14   application and process under the *Younger v. Harris* doctrine of abstention.

15        Additionally, the present complaint vaguely refers to actions "over the course of the last

16   five years".  To the extent that plaintiff claims civil right violations for events occurring more than

17   two years prior to the filing of this complaint, the claim is barred by the statute of limitations.

18        **II.    ARGUMENT**

19        **A.    THERE IS NO SUBJECT MATTER JURISDICTION FOR THE CLAIMS**

20   **RAISED BY THE CONDITIONAL USE PERMIT APPLICATION**

21        Under the abstention doctrine of *Younger v. Harris, supra,* federal courts may not enjoin or

22   otherwise interfere with state judicial proceedings, if they (1) are ongoing, (2) implicate an

23   important state interest, and (3) provide the plaintiff with an adequate opportunity to litigate

24   federal claims.  See also *San Remo Hotel v. City and County of San Francisco* (9th Cir. 1998) 145

25   F.3d 1095, 1103.

26        Here, the state court proceeding for the Writ of Administrative Mandamus is ongoing.  This

27

28   **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(B)(1)) AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) CASE NO. C07-03626 BZ**

1  Petition for Writ of Administrative Mandamus involves the very same allegations that Alameda

2  County and Alameda County Board of Supervisors failed to grant plaintiff a fair hearing, did not

3  allow cross-examination, presented new evidence at the hearing, violated his constitutional rights,

4  required him to apply for a Conditional Use Permit, and treated plaintiff differently than others

5  similarly placed, among other allegations.

6        Local zoning is considered a significant and important state interest.  See, e.g. *San Remo*

7  *Hotel v. City and County of San Francisco, supra*, 145 F3d at 1104.  (A municipality "has a strong

8  interest in its land-use ordinances and in providing a uniform procedure for resolving zoning

9  disputes…we have held that strong, local, i.e. municipal interests in land-use regulation qualify as

10  important 'state' interests for purposes of *Younger* abstention.")

11        State courts are also amply able to resolve issues of constitutionality raised by Powell in his

12  Petition for Writ of Administrative Mandamus.   The crux of the current complaint is based on the

13  denial of the Conditional Use Permit application, "consequently enjoining plaintiff from

14  conducting his business to the full extent of the law."  (¶7).

15        In short, the doctrine of *Younger* abstention requires that this Court decline jurisdiction

16  over these due process claims raised by plaintiff concerning his Conditional Use Permit

17  application and process.

18        **B.    POWELL DOES NOT HAVE A CONSTITUTIONALLY PROTECTED**

19  **INTEREST IN OBTAINING A CONDITIONAL USE PERMIT**

20        Even if the Court possessed subject matter jurisdiction regarding plaintiff's claims related

21  to his Conditional Use Permit application, plaintiff cannot use the 14th Amendment to vindicate his

22  rights asserted because due process requirements only apply to liberty and property interests.

23  *Contra Costa Theatre, Inc. v. City of Concord* (1980) 511 F.Supp. 87, 89, citing *Board Regents v.*

24  *Roth* (1972) 408 U.S. 564, 569.  The protections afforded by the 14th Amendment protect only the

25  interests a person has already acquired.  *Id.* "…[T]he mere application for a use permit confers no

26  vested property interest in the applicant.  *Id.*, citing *Stoddart v. Edelman* (1970) 4Cal.App.3d 544,

27

-5-

28  **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(B)(1)) AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) CASE NO. C07-03626 BZ**

1    551.

2    In *Contra Costa Theatre*, the court dismissed the plaintiff's due process claims, asserted

3    through section 1983, because no violation of an interest protected by the 14th Amendment had

4    been alleged and thus the court had no jurisdiction to hear the matter. *Id.* at 90. Similar to the

5    facts of the instant case, that plaintiff applied to the city-defendant's planning department for a Use

6    Permit that conflicted with existing zoning ordinances. 511 F.Supp. at 88. The commission

7    denied the application for a Use Permit and plaintiff brought a §1983 action for deprivation of 14th

8    Amendment due process and violation of the Equal Protection clause. *Id.* at 89. The district court

9    dismissed the §1983 claims pursuant to FRCP Rule 12(b)(6) on the grounds that plaintiff did not

10   possess a property interest in his application for a permit and therefore there was no constitutional

11   right to due process in the evaluation of his application.

12   The court in *Contra Costa Theatre* also dismissed plaintiff's equal protection claims for

13   two reasons; first, it was duplicative of his due process claim, and second because plaintiff could

14   not demonstrate the denial lacked a rational justification of that it was patently arbitrary. *Id.* at 91,

15   citing *Fielder v. Cleland*, 433 F.Supp. 115, 118 (E.D. Mich. 1977), affirmed 577 F.2d 740 (1978).

16   **C.    THE EQUAL PROTECTION CLAUSE OF THE 14TH AMENDMENT DOES**

17   **NOT APPLY TO PLAINTIFF'S CLAIMS**

18   Plaintiff's claim for unequal treatment is similarly wrapped up into his Petition for Writ of

19   Administrative Mandamus. He claims that the County and its Planning Department "consistently

20   and willfully denied petitioner his right to substantive due process…when it failed to equally apply

21   standards to him as opposed to others similarly placed." (Judicial Notice, Petition for Writ, ¶3

22   (d)(2)). Plaintiff makes the same allegation in the present complaint in paragraph 13 by alleging

23   that defendants' treatment of plaintiff with respect to others similarly placed who also applied for

24   Conditional Use Permits."

25   In order to prevail on an equal protection claim as a member of a non-protected class,

26   plaintiff must 1) identify himself as a member of an identifiable class; 2) show that he was

27

-6-

28   **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO**
**DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(B)(1)) AND FAILURE TO**
**STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) CASE NO. C07-03626 BZ**

1  intentionally treated differently from others similarly situated; and 3) show there was no rational

2  basis for their disparate treatment.  See, e.g. *Village of Willowbrook v. Olech* (2000) 528 U.S. 562,

3  564.

4        Plaintiff's claim is fatally flawed because he cannot properly complaint that, like a motorist

5  exceeding the speed limit and stopped by the police, that other motorists were exceeding the speed

6  limit.  Apparently, plaintiff is complaining that if the County does not address every violation

7  within the County, it cannot address a single violation without possessing an improper motive.

8  Plaintiff provides no details or allegations as to how he was allegedly treated differently and that

9  there was no rational basis for such treatment.  *Contra Costa Theatre, Inc. v. City of Concord,*

10  *supra.*

11        **D.**     **PLAINTIFF'S ALLEGATION OF COLLUSION AND CONSPIRACY DOES**

12  **NOT APPLY**

13        As set forth above, there is no subject matter jurisdiction for plaintiff's claim for violations

14  of due process concerning his Conditional Use Permit application under the *Younger* abstention

15  doctrine.  However, as plaintiff cannot state a claim for relief as to these allegations and an alleged

16  denial of equal protection of laws, there cannot be collusion or conspiracy to deprive plaintiff of

17  his rights (¶14).

18        **E.**     **PLAINTIFF'S CLAIM IS BARRED BY THE APPLICABLE STATUTE OF**

19  **LIMITATIONS**

20        In actions under 42 U.S.C. §1983 for alleged violation of civil rights, the forum state's

21  statute of limitations for personal injuries applies as the federal statute does not provide any

22  limitation.  *Jones v. Blanas* (9th Cir. 2004) 393 F.3d 918, 927.

23        The California statute of limitations for personal injuries is presently two years (Code of

24  Civil Procedure §335.1) (but was one year prior to January 1, 2003 in the earlier version of the

25  statute.

26        In paragraph 7, plaintiff refers to events over "the course of the last five years".  Such

27

-7-

28  **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(B)(1)) AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) CASE NO. C07-03626 BZ**

1   events occurring more than two years prior to the filing of the present complaint on July 13, 2007

2   are barred.

3        Plaintiff's state court Petition for Writ of Administrative Mandamus alleges that the Board

4   of Supervisors denied his appeal of the denial of his application for a Conditional Use Permit on

5   April 8, 2007, but the claim based on due process for the Conditional Use Permit application must

6   be dismissed under the *Younger* abstention doctrine.

7        Nevertheless, plaintiff is alleging events occurring within the last five years, of which the

8   first three years would be outside the statute of limitations.  This may be particularly significant as

9   to a number of the individually named County employee defendants.

10      **III.    CONCLUSION**

11       The doctrine of the *Younger* abstention requires that this Court deny subject matter

12  jurisdiction over the due process claims raised by plaintiff concerning his Conditional Use Permit

13  application and process.  This is the crux of plaintiff's case.  Plaintiff's Petition for Writ of

14  Administrative Mandamus is pending in state court with the hearing scheduled, after briefing, for

15  December 11, 2007.  This petition in state court necessarily includes the same due process

16  allegations as alleged in both the state court and federal actions.

17       While the *Younger* abstention doctrine should be dispositive of the issues, plaintiff has not

18  stated a claim for relief that could be granted under the theories of denial of equal protection or

19  collusion or conspiracy.

20       ///

21       ///

22       ///

23       ///

24       ///

25       ///

26       ///

27

-8-

28  **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(B)(1)) AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) CASE NO. C07-03626 BZ**

1    Finally, the statute of limitations bars any claims taking place more than two years prior to

2  the filing of this complaint.

3  DATED:   October 24, 2007

4                                          BOORNAZIAN, JENSEN & GARTHE
                                           A Professional Corporation

5

6                                          By: _____/s/_____
                                                  ROBERT G. CROW, ESQ.

7                                               Attorneys for Defendants
                                           ALAMEDA COUNTY, ALAMEDA

8                                               COUNTY COMMUNITY
                                                 DEVELOPMENT
                                           AGENCY,ALAMEDA COUNTY

9                                          BOARD OF SUPERVISORS, EAST
                                           COUNTY BOARD OF ZONING

10                                          ADJUSTMENTS,MARGRET
                                             ELLIOTT, CHRIS BAZAR,

11                                         STACEY SORENSEN, DARRYL
                                             GRAY, JAMES SORENSEN,

12                                             SCOTT OWEN, SCOTT
                                           HAGGERTY, AND JANA BEATTY

13  25110\416760

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                   -9-

28  **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (FRCP 12(B)(1)) AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED (FRCP 12(B)(6)) CASE NO. C07-03626 BZ**